# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICKIE CORRALEZ, individually and as
mother and next friend of VERONICA
CORRALEZ and MONICA CORRALEZ,
minors, and ESMENIA ARANDA,

      Plaintiff,

v.   Civil No. 02-1135 WJ/LCS

JOHN JOSEPH CORRALEZ a/k/a JOHN
CORRALEZ, GLORIE URIOSTE, PETE
CORRALEZ, JR., OFFICER FRED HAMNER,
DETECTIVE PRESTON WILKERSON,
CITY OF PORTALES, PORTALES POLICE
DEPARTMENT, and 7 OFFICER JOHN DOE(S),

      Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Entry of Default [Docket No. 20]. Having reviewed the record to date, I find that Plaintiffs are entitled to default judgment on the issue of liability. However, default judgment cannot be entered on the issue of damages at this time for the reasons stated herein.

### Background and Discussion

Plaintiffs Vickie Corralez, Veronica Corralez, Monica Corralez and Esmenia Aranda filed their Complaint for Civil Rights Violations, Personal Injuries, Malicious Abuse of Process and Damages in the Ninth Judicial District Court, County of Roosevelt, State of New Mexico on August 5, 2002. Defendants City of Portales, the Portales Police Department, Officer Fred Hamner and Detective Preston Wilkerson removed the case to this Court on September 9, 2002.

On April 17, 2003, Returns of Service were filed indicating that Defendant Pete Corralez, Jr. was served personally on April 2, 2003 [Docket No. 9] and Defendant Glorie Urioste was served personally on April 2, 2003 [Docket No. 10]. As of the date of the filing of this Memorandum Opinion and Order, neither Glorie Urioste nor Pete Corralez, Jr. has answered, defended, or otherwise appeared in the case. A Clerk's Entry of Default with regard to these Defendants was entered on August 6, 2003 [Docket No. 23].

In order for the Court to enter default judgment against any Defendant, it must find that each Defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules. If a Defendant has been properly served and has failed to defend, the Court may enter default judgment as to the issue of liability in accordance with Fed. R. Civ. P. 55(b)(2). However, Tenth Circuit case law makes clear that the Court may not enter default on the issue of damages without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation. <u>Venable v Haislip</u>, 721 F.2d 297 (10th Cir. 1983). Black's Law defines a liquidated sum as one that is ascertained, determined, fixed, settled, made clear or manifest, or made certain by agreement of parties or by operation of law. Black's Law Dictionary 642 (6th ed. abridged 1991). Additionally, when there is more than one defendant, default judgment as to damages should not be entered against one defendant until damages against other defendants is also ascertained so that the awards are consistent. <u>Hunt v Inter-Globe Energy, Inc.</u>, 770 F.2d 145 (10th Cir. 1985).

Plaintiffs have shown that Defendants Pete Corralez, Jr. and Glorie Urioste were properly served in accordance with Fed. R. Civ. P. 4(e)(2). As already noted, these Defendants have failed

to plead or otherwise defend.  Thus, Plaintiffs are entitled to default judgment against these Defendants on the issue of liability.  However, notwithstanding Plaintiffs' Affidavit of Sum Certain [Docket No. 19], the amount of damages for Plaintiffs' claims are not ascertained, determined, fixed, settled, made clear or manifest, or made certain by agreement of the parties or by operation of law.  Additionally, there are multiple Defendants remaining in the case, and damages cannot be awarded as against Defendants Pete Corralez, Jr. and Glorie Urioste until liability and damages against the other Defendants, if any, is ascertained.  Thus, the Court cannot enter default judgment on the issue of damages against Defendants Pete Urioste, Jr. and Glorie Urioste at this time.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Default [Docket No. 20] is hereby GRANTED IN PART and default judgment is entered against Defendants Pete Corralez, Jr. and Glorie Urioste on the issue of liability.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Entry of Default [Docket No. 20] is hereby DENIED IN PART without prejudice with regard to damages against Defendants Pete Corralez, Jr. and Glorie Urioste.

_____
UNITED STATES DISTRICT JUDGE